# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00113-RJC-DCK

| | |
|---|---|
| JAMES B. BLAZICK, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| LEADVISION, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on both parties' Joint Motion for Approval of Agreed Stipulation & Order Concerning Collective Action Lawsuit & Notice, (Doc. No. 19); and Plaintiff's Motion to Approve the Agreed Stipulation and Order Concerning Collective Action Lawsuit and Notice and Equitably Toll FLSA Statute of Limitations, (Doc. No. 21).

## I. THE PARTIES STIPULATION CONCERNING COLLECTIVE ACTION LAWSUIT & NOTICE

The parties have stipulated to, and the Court hereby **ORDERS**, the following:

1. The Parties stipulate that notice of this lawsuit will be provided to the following group of individuals:

   All current and former employees of Lead Vision who were employed as Account Executives or Inside Sales Executives anytime during the three-year period preceding the filing of the Complaint in this action (hereinafter referred to as the "Potential Opt-In Members").

2. The Court conditionally certifies this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act and approves the forms of the Notice of Fair Labor Standards Act Collective Action Lawsuit ("Notice") and Consent to Become Party Plaintiff ("Consent Form") attached as Exhibits 1 and 2.

3. As soon as practicable, and in no event later than seven (7) days from the date this Agreed Stipulation and Order Concerning Notice is approved, Counsel for Defendant shall provide to Counsel for Plaintiff the names, last known addresses from its records of all Potential Opt-In Members.

4. The Court orders that Counsel for Plaintiff shall mail the Notice and Consent Forms to all Potential Opt-In Members within five (5) days of the receipt of the names and addresses. Counsel for Plaintiff shall mail the Notice and Consent Forms to all Potential Opt-In Members on a single date (the "Initial Mailing Date").

5. Thirty (30) days after the Initial Mailing Date, Counsel for Plaintiff shall mail the Notice and Consent Forms a second time ("Second Mailing"), but this second mailing shall only be directed to those Potential Opt-In Members from whom Plaintiff's counsel has not yet received a completed Consent Form.

6. In addition to the Notice and Consent Forms, each envelope mailed to a Potential Opt-In Member (whether mailed on the Initial Mailing Date or on the Second Mailing Date) shall enclose a postage pre-paid return envelope for possible use by the Potential Opt-In Member. Each of these postage pre-paid return envelopes will be pre-addressed to Plaintiff's counsel, using the address indicated on the Consent Form.

7. All Potential Opt-In Members shall have forty-five (45) days from the Initial Mailing Date to "opt-in" to this lawsuit (the "Opt-In Period") by returning a completed Consent Form to Plaintiff's counsel.

8. Counsel for Plaintiff shall supply copies to opposing counsel and file the executed Consent Forms with the Court within seven (7) days of receipt.

## II. PLAINTIFF'S REQUEST FOR EQUITABLE TOLLING

Plaintiff also requests the Court grant equitable tolling since both parties stipulated to conditional certification and notice on July 20, 2017 and, since that time of their filing, potential opt-in plaintiffs have been prejudiced by the four-month delay in approving that stipulation. (Doc. No. 21 at 2). Defendant agrees with Plaintiff in terms of the above stipulation concerning collective action lawsuit and notice but takes no position on Plaintiff's request for equitable tolling. (Id. at 3).

Equitable tolling is an extraordinary remedy. Courts have found this tool applicable to situations where: (1) "the adverse party's misconduct caused the missed deadline"; and (2) "'extraordinary circumstances beyond the plaintiffs' control made' timely filing impossible." MacGregor v. Farmers Ins. Exch., No. 2:10-CV-03088, 2011 WL 2731227, at *1 (D.S.C. July 13, 2011). That being said, the Court takes notice that the parties have stipulated to conductional certification since July 20, 2017 and that Plaintiff has at all times diligently pursued his rights in this action.

As in Lorenzo v. Prime Commc'ns, L.P., the interests of justice allow equitable tolling in this instance due to the procedural posture of this case. "'[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an "extraordinary circumstance" justifying application of the equitable tolling doctrine.'" McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). "While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing

the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings." Id.

Therefore, the Court **GRANTS** Plaintiff's request for equitable tolling from July 20, 2017 through the date of this Order without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The parties' Joint Motion for Approval of Agreed Stipulation & Order Concerning Collective Action Lawsuit & Notice, (Doc. No. 19), is **GRANTED**; and

2. Plaintiff's Motion Approve the Agreed Stipulation and Order Concerning Collective Action Lawsuit and Notice and Equitably Toll FLSA Statute of Limitations, (Doc. No. 21), is **GRANTED.**

Signed: March 6, 2018

Robert J. Conrad, Jr.
United States District Judge