UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00113-RJC-DCK

| | |
|---|---|
| JAMES B. BLAZICK, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| LEADVISION, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiffs' Consent Motion for Approval of Fair Labor Standards Act Settlement, (Doc. No. 27). The issues having been duly heard and a decision having been reached, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

A. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including named Plaintiff James B. Blazick and opt-in Plaintiff Robert Reese (together "Plaintiffs").

B. The Court approves the Settlement Agreement and Release ("Settlement") as fair, reasonable, and adequate based on the following findings of fact and conclusions of law:

 1. This Action involved a *bona fide* dispute between Plaintiffs and LeadVision.

 2. The Settlement was negotiated at arm's length by experienced

counsel with respect to liability and amounts due, assuming FLSA violations had occurred.

3. The Action settled after the parties exchanged data regarding Plaintiffs' wages and the number of alleged overtime hours worked each week. Both Plaintiffs and Defendant had sufficient information concerning Plaintiffs' claims and Defendant's defenses from which to reach a fair settlement of this matter.

4. If the Settlement had not been achieved, both Plaintiffs and Defendant faced the expense, risk and uncertainty of extended litigation.

5. The amount of the Settlement, $32,500.00, is fair, reasonable, adequate.

6. Plaintiffs support and authorize the Settlement.

C. The Court approves Plaintiffs' request for attorneys' fees and costs in the amount of $16,000.00, based on the following findings of fact and conclusions of law:

1. The FLSA provides that in a collective action, a court shall "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. 216(b).

2. For purposes of determining a reasonable attorney's fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. Blum v. Stenson, 465

U.S. 886, 895 (1984). The Fourth Circuit follows the locality rule, marking the venue where the court sits as "the first place to look to in evaluating the prevailing market rate." Rum Creek Coal Sales, Inc. v. Capertone, 31 F.3d 169, 179 (4th Cir. 1994). Plaintiff has submitted the declarations and affidavits of several experienced Charlotte-based employment law attorneys. Based on this information, the Court finds the hourly billing rates of $485.00 for Philip J. Gibbons, Jr. and $425 for Craig L. Leis are reasonable in light of their respective experience, reputation and length of practice.

3. To determine the reasonableness of the fee sought by Plaintiffs' counsel, the Court has also considered the twelve factors derived from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), which were adopted by the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 215, 226 (4th Cir. 1978). Based on this review, the Court finds that the attorneys' fee sought by Plaintiffs is reasonable and no adjustments to the fee are warranted.

D. The Court approves the reimbursement of litigation costs and expenses in the amount of $1,000.00.

Signed: November 14, 2018

Robert J. Conrad, Jr.
United States District Judge